## Stromeyer v. Topping

*Armin H. Friedman,* for plaintiff.
*Park J. Alexander* and *William A. Jordan,* for defendant.

ELDER W. MARSHALL, J., January 10, 1933.—Plaintiff recovered a verdict for the amount, with interest, of loans which she claimed to have made at defend-

ant's special request. The defenses were non assumpsit and the statute of limitations.

The substance of plaintiff's proof was that at Youngstown, Ohio, in May 1922, defendant had requested of her a loan of $2,000, which amount she had forwarded to him upon returning to her home in Atlantic City, N. J., about June 1, 1922; that in September 1922 defendant at Youngstown had telephoned to her at Atlantic City, applying for a further loan of $5,000, which amount she likewise had forwarded to him; and that more than 6 years later, in a telephone conversation between herself at Atlantic City and defendant at Youngstown, the latter had made a distinct and definite promise to repay. That a new promise had been made after the statute had run was testified to by plaintiff alone, without corroboration, and was denied explicitly by defendant. Nevertheless, plaintiff's testimony was sufficiently clear and precise to take to the jury the disputed question of fact, and no reason has been suggested which would justify entry of a judgment n. o. v.

We feel, however, that right and justice require that the case be retried. There is a serious question whether plaintiff established the fact of a new promise by the weight of the credible testimony. Her word on that score was uncorroborated and was contradicted categorically by defendant, who declared he was not even in Youngstown on the date of the supposed promise. Indeed, plaintiff did not attempt to disprove his assertion that his place of employment had theretofore been changed from Youngstown to Pittsburgh. Plaintiff was not a dispassionate witness; she displayed considerable animus toward defendant, who had been her brother-in-law. The admitted fact that plaintiff's sister and defendant had separated, and had been divorced before the date of the alleged promise to repay, not only diminished the likelihood that defendant would make such a promise after the statute had run but had considerable bearing on whether plaintiff had not become so biased in favor of her sister and against the defendant as to affect her own credibility.

Moreover, defendant's counsel apparently failed during the progress of the trial to appreciate the significance of the fact that plaintiff's testimony fixed all of the dealings between the parties as having occurred in either New Jersey or Ohio. In each of these States, a statute requires actions for recovery of money loaned without a writing to be brought within 6 years: 3 Compiled Statutes of New Jersey, 3162, sec. 1; Ohio General Code, sec. 11,222; and forbids recovery thereafter unless the debtor makes a payment on account or gives a written acknowledgment or promise to pay: 3 Compiled Statutes of New Jersey, 3167, sec. 10; Ohio General Code, sec. 11,223. Plaintiff failed to prove such partial payment or written acknowledgment or promise.

Our own Act of June 26, 1895, P. L. 375, sec. 1, provides that:

"When a cause of action has been fully barred by the laws of the State or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this Commonwealth", and had the statutes of Ohio and New Jersey been introduced in evidence the status of plaintiff's cause must have been precarious, to say the least. There was nothing in the pleadings to apprise defendant that plaintiff would rely upon a verbal promise made in Ohio, and as her testimony on the subject was received and the entire case concluded during a single afternoon session of court, without opportunity to counsel to explore the law of the States mentioned by her, the circumstances were in some degree extenuating.

Nevertheless, defendant was entitled to have the case tried and determined in accordance with the lex loci contractus, and our judgment is that despite the

oversight of his counsel justice will not be done between the parties unless the case is retried. For these as well as other reasons the motion for a new trial will be granted. From William J. Aiken, Pittsburgh, Pa.